G. H. A. KUNST, Judge,
concurring.
This claim arose out of the care or treatment of Lois Thompson, a student, while living in a dormitory of and enrolled in Marshall College, a state institution, under the control and jurisdiction of the státe board of control, respondent herein. By reason of the alleged negligence of its officers, employees and servants in not rendering to her the degree of care or treatment, which its duty to her under the circumstances justly demanded, by the employment of a defective cable, supporting the lowest section of a fire escape on a dormitory building of said college, which cable broke in the use of said fire escape by said student, and the section attached to said cable fell to the ground with the student, breaking the femur of her right leg; for which injury, the resulting suffering and expense an award of the sum of $5,000.00 is asked against said respondent.
After the hearing herein, the attorney general, representing respondent, moved the court to dismiss this case upon the ground that the court had no jurisdiction, because of the third provision of sec. 14 of art. 2 of ch. 39, of the Acts of the Legislature, regular session, 1945, which is as follows: “The jurisdiction of the court shall not extend to any claim . . . *117 arising out of the care or treatment of a person in a state institution. ...”
I am of opinion that this motion should have been sustained and that no award could be made and that the case be dismissed.
In case No. 476, Ward Huffman, Gd. v. Board of Control, heard at the present term of court the same question as to the jurisdiction of the court having arisen, I was of opinion that the court had no jurisdiction, no award could be made and the case should have been dismissed. The reasons for my opinion having been fully stated therein, I see no reason for encumbering this record by its repetition in this case but refer to it as my opinion herein.